UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JUSTINE L. WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1313 (RMC) |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, has filed an action seeking review of decisions by the Social Security Administration ("SSA"). Defendant has filed a motion to dismiss. Based on the allegations in the complaint, the parties' filings, and the applicable legal authority, the Court will grant the Defendant's motion.

**I. BACKGROUND**

Plaintiff seeks judicial review of all decisions made by the SSA regarding her eligibility for social security disability insurance. Complaint ("Compl."), p. 1. She alleges that her case has been "isolated" for two years and that her social security number is being used fraudulently. *Id.*, p. 2. According to SSA records, Plaintiff filed an application for disability insurance and supplemental security income benefits on July 8, 2003. Defendant's Motion to Dismiss, Declaration of Rose Ray, ¶ 3(a). SSA denied plaintiff's initial application and her request for reconsideration. *Id.* Plaintiff filed a request for a hearing on September 3, 2004. *Id.* Plaintiff filed this action on August 30, 2005. The SSA held a hearing regarding Plaintiff's motion for reconsideration on

November 15, 2005.  Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss, p. 1.

## II. DISCUSSION

### A. Standard of Review

Defendant moves to dismiss for lack of subject matter jurisdiction on the ground that plaintiff has not exhausted her administrative remedies.  In ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff.  *Taylor v. Fed. Deposit Ins. Corp.*, 132 F.3d 753, 761 (D.C. Cir. 1997).  A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  In reviewing a motion to dismiss based on failure to exhaust administrative remedies, the Court may consider matters outside the pleadings.  *See Armstrong v. Vance*, 328 F.Supp.2d 50, 53 (D.D.C. 2004); *Al-Owhali v. Ashcroft*, 279 F.Supp.2d 13, 21 (D.D.C. 2003); *Flynn v. Ohio Bldg. Restoration, Inc.*, 260 F.Supp.2d 156, 162 (D.D.C. 2003).

### B. Discussion

The Social Security Act  circumscribes judicial review of social-security benefit determinations.  *Ryan v. Bentsen*, 12 F.3d 245, 247 (D.C. Cir. 1993).  The statute provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action" in federal district court.  42 U.S.C. § 405(g).  The Commissioner renders a "final decision" after the claimant (1) receives an initial determination of his right to benefits by the regional SSA office, (2) asks that office  to reconsider its determination,  (3) requests a hearing before an administrative law judge ("ALJ"), and (4) requests Appeals Council review of the ALJ's decision.  *Ryan*, 12 F.3d at 247; *see*

*also* 20 C.F.R. § 404.900(a)(1)-(4). Thus, a claimant may not obtain judicial review where there is no final decision. *Sims v. Apfel*, 530 U.S. 103, 107 (2000).

The SSA's "final decision" is a prerequisite to subject matter jurisdiction in the district court and consists of two components, a presentment requirement and an exhaustion requirement. *Matthews v. Eldridge*, 424 U.S. 319, 328 (1976); *Ryan*, 12 F.3d at 247. Only the presentment requirement is jurisdictional; the exhaustion requirement can be waived. *Id.* Waiver has only been found appropriate by the Supreme Court in two situations: (1) where the Secretary determines that the only issue before him is the constitutionality of the Act and he cannot make a decision other than on a constitutional ground; and (2) where the complainant's constitutional challenge is collateral to his claim of entitlement and he will suffer irreparable harm if forced to exhaust his administrative remedies. *Ryan*, 12 F.3d at 247-48.

Plaintiff received an initial determination denying her application. She also requested reconsideration of the decision and the SSA denied that request. Plaintiff was granted an administrative hearing. However, Plaintiff has not pursued review to the Appeals Council. As a result, Plaintiff has not received a "final decision" that is judicially reviewable. In addition, Plaintiff has not alleged a set of facts that would allow the Court to find a waiver of the exhaustion requirement. The complaint, therefore, will be dismissed.[1]

---

[1] On October 27, 2005, Judge Friedman of this Court dismissed Plaintiff's related claim for failure to exhaust. *Washington v. Social Security Admin.*, Civil Action No. 05-594, Mem. Op. (D.D.C. Oct. 27, 2005).

### III.  CONCLUSION

Because Plaintiff has failed to exhaust her administrative remedies, Defendant's motion to dismiss will be granted.  An appropriate Order accompanies this Memorandum Opinion.


Date: February 13, 2006                                    /s/
                                                    ROSEMARY M. COLLYER
                                                    United States District Judge